ing weapons calculated to take life, such as pistols or dirks, putting him in fear of his life, and obtaining possession of the mail by the means aforesaid, against the will of the carrier, is such a robbing of the mail, and such a putting the life of the carrier or person intrusted therewith in jeopardy by the use of dangerous weapons, as will bring the offense within the following terms of the nineteenth section of the act of congress of the 30th of April, 1810, entitled 'An act regulating the postoffice establishment,' to wit: 'Or if in effecting such robbery of the mail the first time the offender shall wound the person having the custody thereof, or put his life in jeopardy by the use of dangerous weapons, such offender or offenders shall suffer death.'"

The defendants were convicted and executed.

Standing mute is equivalent to a plea of not guilty. See U. S. v. Borger, 7 Fed. 195, affirming above case on this point.

[NOTE. On the trial of John Alexander and Lewis Hare, the two other mail robbers, who were charged with robbing the mail in company with John Thompson Hare, and were immediately tried and convicted on all the counts of a similar indictment, the same defence was made, and the court laid down the law as in the preceding case.] [6]

---

## Case No. 15,305.

### UNITED STATES v. HARE.

[See Case No. 15,304.]

---

## Case No. 15,306.

### UNITED STATES v. HARGRAVE.

[17 Int. Rev. Rec. 39; 5 Chi. Leg. News. 208.]

District Court, N. D. Ohio. Dec. Term. 1872.

COUNTERFEITING — DEGREE OF LIKENESS NECESSARY.

[In determining whether defendant is guilty of passing counterfeit coin, the question is, not whether the coin was such as would deceive a person of ordinary skill and caution, but whether it was capable of, and designed to be used for, deceiving the incautious and unskillful.]

The coin passed by the defendant [William S. Hargrave] was similar to the genuine coin of the United States in size, color, milling, and the devices on reverse and obverse sides, but differed in weight and in the inscriptions on either side. The indictment contained seven counts, four of which were framed under the act of March 3, 1825 (4 Stat. 121), and three under the act of June 8, 1864 (13 Stat. 120). The main question was whether the spurious coin in question came under either act.

It was claimed by the prosecution that it came under both,—that is: First, that it was

in the similitude of the genuine coin; second, that if considered of "original design," it was within the later act above cited; and, third, that the question was, not whether it would deceive a person of ordinary skill and caution, but whether it was capable of, and designed to be used for deceiving the incautious and unskilful,—citing, particularly to this point, U. S. v. Burns [Case No. 14,691]. These points were much contested.

Geo. Willey, U. S. Atty., and H. S. Sherman, Asst. U. S. Atty.

Lockwood & Everett, for defendant.

THE COURT (SHERMAN, District Judge) in its charge to the jury, maintained the propositions of the prosecution, and the defendant was found guilty on all the counts of the indictment, and afterwards sentenced to imprisonment for five years in the Ohio penitentiary.

---

## Case No. 15,307.

### UNITED STATES v. HARKER.

[3 Sawy. 237.] [1]

District Court, D. Oregon. Dec. 16, 1874.

UNITED STATES MARSHALS — FEES IN CRIMINAL CASES.

By paragraph 18 of section 829 of the Revised Statutes, the marshal is entitled to charge as part of the expense of serving a writ in a criminal case, a per diem paid his deputy, not to exceed two dollars per day.

Appeal from the taxation of costs by the clerk. [This was an indictment against J. B. Harker.]

Rufus Mallory, U. S. Atty.

Addison C. Gibbs, for defendant.

DEADY, District Judge. On November 25, 1874, the defendant was convicted by the judgment of this court, upon the plea of guilty, of being engaged in the business of a dealer of manufactured tobacco, without having paid the special tax therefor, as required by law, and sentenced to pay a fine, and the costs of the action to be taxed.

The clerk taxed the costs of the United States at $55.70, from which taxation the defendant appeals to the court, and asks that the item of eight dollars allowed the marshal for per diem paid deputy W. F. Williams, for two days employed in arresting the defendant, in addition to his actual expenses for travel and fee for service of the warrant, be disallowed.

Paragraph 18 of section 829 of the Revised Statutes provides that the marshal shall be entitled, "for expense while employed in endeavoring to arrest, under process, any person charged with or convicted

---

[6] [From 2 Wheeler, Cr. Cas. 283.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]